PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ ANTONIO ALAMEDA, Defendant and Appellant.

No. 3185. Argued June 7, 1927.—Decided July 7, 1927.

*Luis A. García del Rosario* and *Ernesto Ortiz Romeu* for the appellant. *José A. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

There was ample evidence in this case to secure the conviction of the appellant who was charged with carrying a razor for purposes of offense and defense. The typewritten record does not disclose any objection to any part of the evidence, any exception taken or any protest made to any action or ruling of the court. Under these circumstances the state of the record ordinarily calls for an affirmance of the judgment of the court below.

The appellant recognizes this principle, but appeals to the jurisprudence of this court wherein it has sustained that

fundamental errors will be noticed even if not objected to. Appellant maintains that witnesses were intimidated or coerced by the court into making statements that they would not otherwise have made.

A witness of the government was testifying. He denied having seen the razor in the possession of the defendant. The *fiscal,* alleging surprise, proposed to rely on section 243 of the Code of Criminal Procedure and to examine the witness for that purpose. The court turned to the witness and told him with evident severity that unless he told the truth he was liable to be subjected to a prosecution for perjury. The witness finally, after persistent questioning and with considerable reluctance, admitted that the defendant took the razor from his pocket. The court incidentally threatened to send the witness to jail if he did not in one way or another answer the question put to him.

Then another witness was presented. The court before he began to testify warned the witness in severe fashion that if he did not tell the truth he would be subject to a prosecution for perjury.

It was of course evident to the court that these witnesses had made statements to the *fiscal* that would tend to convict the defendant. The court would probably feel that the witnesses had either been tampered with or were allowing their sympathies to run away with them. We question somewhat whether the judge should have been as severe as he was, but we are not at all sure that the judge was wrong in taking the stand he did. The difficulty is that a witness in a particular case may have been coerced before a *fiscal* and was telling the truth in court. In all events a court in the trial of a case has a wide discretion and we do not find such an improper use thereof as would amount to an injustice. And this is especially true in the absence of any action by the defendant in the court below.

The judgment will be affirmed.